**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4808

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KELON RENARDO HARDIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-01-559)

Submitted:  September 30, 2005      Decided:  October 18, 2005

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew D. Grimes, ANDREW D. GRIMES, P.A., North Charleston, South
Carolina, for Appellant.  Jonathan S. Gasser, Acting United States
Attorney, Rhett DeHart, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kelon Renardo Hardin was convicted on several federal drug and firearms charges and, on resentencing, the district court imposed an aggregate sentence of 528 months' imprisonment. The district court also specified an identical alternate sentence of 528 months pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005).

Hardin appeals, challenging the constitutionality of his sentence in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Hardin specifically argues that his sentence was unconstitutionally enhanced based on findings by the court, rather than the jury. He also contends that the alternate sentence is unreasonable, because the district court did not consider the relevant factors before imposing the sentence.

Because the alternate sentence the district court pronounced in the event the federal sentencing guidelines were invalidated was identical to the sentence imposed under the federal sentencing guidelines as they existed at that time, we conclude that any error resulting from the district court's determination of Hardin's sentence under a mandatory sentencing guideline regime was harmless. See Booker, 125 S. Ct. at 769. We note that, contrary to Hardin's assertion, the district court did consider the factors

- 2 -

in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), before imposing the alternate sentence.  Therefore, we affirm Hardin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED